# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

SEVELDA TAYLOR, ET AL.,                                                                        PLAINTIFFS,

VS.                                        CIVIL ACTION NO. 2:05CV90-P-B

THE MONEY STORE, INC., ET AL.,                                        DEFENDANTS.

## ORDER

This matter comes before the court upon Plaintiffs' Motion to Remand to State Court [4-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiffs filed the instant action on April 30, 2003 in the Circuit Court for the First Judicial District of Tallahatchie County, Mississippi. All of the plaintiffs are residents of Mississippi. All of the defendants are out-of-state residents except Leadco Home Improvements, Inc., William Dickson, and Leadco Construction Company, Inc. – the latter of whom is listed in the caption of the Complaint but not in the body of the Complaint. On July 18, 2003, the non-resident defendants removed to federal court arguing improper joinder based in part on the plaintiffs' failure to serve the Mississippi-resident defendants. On September 30, 2004, U.S. District Judge David Bramlette III granted the plaintiffs' motion to remand. It is undisputed that the opinion granting the motion to remand presumed that the resident defendants would soon be served with process.

On May 9, 2005, the non-resident defendants removed this case a second time to federal court arguing that the plaintiffs had still not served the Mississippi defendants some eight months after the instant case was remanded to state court. The plaintiffs filed the instant motion to remand, arguing that (1) the removal was filed beyond the one-year limit pursuant to 28 U.S.C. § 1446(b);

1

(2) there are equitable reasons weighing against use of the equitable exception to the one-year requirement ; and (3) the removal is procedurally defective because the removing defendants did not obtain the consent of all defendants before removing the case.

In opposition, the removing defendants argue that (1) the one-year deadline to remove should be equitably tolled pursuant to *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003) because the plaintiffs are clearly guilty of forum manipulation as evidenced by their failure to ever serve the Mississippi defendants since they originally filed their Complaint on April 30, 2003; (2) there are no equitable reasons such as the doctrines of equitable estoppel, waiver, or laches that vitiate the simple fact the plaintiffs have never served the Mississippi defendants; and (3) it is unnecessary to gain the consent of the non-served Mississippi defendants to remove.

28 U.S.C. § 1446(b) imposes a one-year deadline to remove a case. However, in *Tedford* the Fifth Circuit recognized an equitable exception to the one-year rule in circumstances of forum manipulation by the non-removing party. 327 F.3d 423, 426 (5th Cir. 2003) ("Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit.").

Having considered the circumstances of this case, the court concludes that the defendants should be afforded the equitable exception enunciated in *Tedford*. Simply put, the plaintiffs have offered no justifiable reason for never serving the Mississippi-resident defendants – some three years after the Complaint was filed on April 30, 2003. Therefore, the defendants second removal is timely.

The court agrees that none of the plaintiffs' equitable arguments vitiate the fact the plaintiffs have never served the Mississippi defendants. Furthermore, the court agrees that the removing

defendants need not have obtained consent to remove from un-served defendants.

Thus, the court next considers the defendants' argument that the Mississippi defendants were improperly joined to defeat jurisdiction.

There are two ways in which the defendants can establish fraudulent, or improper, joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that all of the resident defendants are indeed residents of Mississippi, the second test applies in the instant case.

With respect to the second method for establishing fraudulent joinder, the following test applies: "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313, F.3d 305, 312 (5th Cir. 2002) (emphasis in *Travis*; internal citations and quotations omitted).

Given that one must serve a defendant within 120 days after filing the Complaint, and given that the plaintiffs have never served the Mississippi defendants some three years after the Complaint was filed, there is no reasonable basis for predicting that state law might impose liability on the facts involved. The court concludes improper joinder, therefore, the motion to remand should be denied and the Mississippi defendants should be dismissed from this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Motion to Remand to State Court [4-1] is **DENIED**; therefore,

(2) All of the plaintiffs' claims against Leadco Home Improvements, Inc., William Dickson, and Leadco Construction Company, Inc. are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 15th day of June, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE